UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BIMINI SUPERFAST OPERATIONS LLC, *et al*,<br><br>      Plaintiffs,<br><br>    v.<br><br>THOMAS WINKOWSKI, Acting Commissioner of U.S. Customs and Border Protection, *et al*<br><br>      Defendants. | Civil Action No. 13-1885 (CKK) |

**MEMORANDUM OPINION**
(January 10, 2014)

Currently before the Court are Plaintiffs' [30] objections to the [29] administrative record submitted by Defendants on January 7, 2014. As Plaintiffs brought claims under the Administrative Procedures Act ("APA") alleging that Defendant-CBP's actions violated notice and comment rulemaking requirements and were arbitrary, capricious, or contrary to the law, the Court requested the administrative record in order to more fully evaluate Plaintiffs' Motion for Preliminary Injunction and Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment. Plaintiffs have objected to the scope of the record submitted by Defendants. Defendants were provided an opportunity to respond to Plaintiffs' objections. Having received Defendants' [33] Reply this issue is now ripe for the Court's review.

**II. DISCUSSION**

Plaintiffs object to Defendants including any document in the administrative record beyond CBP's October 2013 letter informing Plaintiffs that they were violating the law,

Plaintiffs' November 4, 2013, appeal letter and letter requesting a stay in enforcement pending their appeal, and CBP's November 2013 final determination letter. In addition to these documents, Defendants included in the administrative record three INS opinions, a July 2011 letter from CBP Director of Miami Field Operations Vernon Foret explaining the law in a similar factual situation, an excerpt of a field manual, and email correspondence between Plaintiffs and CBP officials leading up to the November 2013 determination and following the determination as Plaintiffs sought a stay in enforcement.

Plaintiffs' main objection is that the INS opinions and the field manual excerpt should not have been included in the administrative record as they constitute "*post hoc* rationalizations" of CBP's November 2013 determination. Pl's Objections ("Pl.'s Obj."), at 4. Plaintiffs claim these documents represent *post hoc* rationalizations because they were not specifically "cited as the basis for CBP's initial decision on October 30, 2013" nor were they cited "as the basis for CBP's final decision dated November 7, 2013." *Id.* Plaintiffs also argue that "even if these uncited opinions and field manual excerpt may have been somewhere secretly 'before the agency' at the time CBP made its decision, they are completely extraneous and irrelevant to the issues on the merits in the pending action." *Id.*

In so arguing, however, Plaintiffs misconstrue our case law regarding the proper scope of the administrative record. Pursuant to APA § 706, the Court is required to review "the full administrative record that was before the Secretary at the time he made his decision." *Citizens to Preserve Overton Park v. Volpe,* 401 U.S. 402, 420 (1971), *abrogated on other grounds by Califano v. Sanders,* 430 U.S. 99 (1977). Courts in this Circuit have "interpreted the 'whole record' to include 'all documents and materials that the agency 'directly or indirectly considered' . . . [and nothing] more nor less.'" *Pac. Shores Subdivision, Cal. Water Dist. v. U.S. Army Corps*

*of Eng'rs,* 448 F.Supp.2d 1, 4 (D.D.C. 2006) (quoting *Maritel, Inc. v. Collins,* 422 F.Supp.2d 188, 196 (D.D.C. 2006)). "If the relevant agency decisionmakers considered, *even indirectly*, any internal guidelines, memoranda, manuals or other materials in reaching its decision, those materials should be included in the record." *Ammex, Inc. v. United States,* 62 F.Supp.2d 1148, 1156 (C.I.T.1999) (emphasis added). Importantly, courts in this Circuit have held that the "agency may not exclude information from the record simply because it did not "rely" on the excluded information in its final decision. *City of Duluth v. Jewell*, --- F.Supp.2d ---, 2013 WL 5422453, *4 (D.D.C. Sept. 29, 2013) (quoting *Maritel, Inc.,* 422 F.Supp.2d at 196). Thus, Plaintiffs' argument that a document constitutes a *post hoc* rationalization simply because the agency did not specifically cite to the document in its final determination is unavailing. So long as the agency considered the document, even if the agency considered it only indirectly and did not even rely on it in making its decision—much less cite to it—that document is properly in the administrative record. Plaintiffs cite to *Overton Park* for the proposition that "documents on judicial review that were not cited in the agency decision are not properly part of the administrative record." Pl.'s Obj. at 2. But *Overton Park* only found that "litigation affidavits" that were created for litigation before the district court were improper "*post hoc*" rationalizations not to be considered by the district court because such documents were not before the agency when it made its decision. *Overton Park*, 401 U.S. at 418. "[A]bsent clear evidence to the contrary, an agency is entitled to a strong presumption of regularity, that it properly designated the administrative record." *Pac. Shores Subdivision*, 448 F.Supp.2d at 5. "Common sense dictates that the agency determines what constitutes the "whole" administrative record because '[i]t is the agency that did the 'considering,' and that therefore is in a position to indicate initially which of the materials were 'before' it-namely, were 'directly or indirectly considered.' " *Id.*

(quoting *Fund for Animals v. Williams,* 245 F.Supp.2d 49, 57 (D.C. Cir. 2003)). Here, Plaintiffs have presented no evidence to cause the Court to question whether the INS opinions or the field manual were actually before the agency when it made its November 2013 decision. Moreover, the Court fails to see how INS opinions and field manuals interpreting federal immigration laws as they pertain to crewmen on "cruises to nowhere" is "extraneous and irrelevant" to the issues involved in this case, which precisely involve the immigration status of crewmen on "cruises to nowhere." Accordingly, the Court finds these documents are properly part of the administrative record.

For much the same reasons, the Court also rejects Plaintiffs' argument that Defendants improperly included in the administrative record "an excess of email correspondence . . . [that] shed[s] no real light on the agency's decision making process." Pl.'s Obj. at 5. Again, the administrative record properly includes all documents that were "directly or indirectly considered" and Plaintiffs present no evidence to suggest these emails were not considered. *Pac. Shores Subdivision, Cal. Water Dist.*, 448 F.Supp.2d. at 4. Moreover, the Court finds that Defendants' email correspondence with Plaintiffs is not irrelevant material. Prior to making the November 2013 final determination, Defendants would have reasonably reviewed and considered its correspondence with Plaintiffs in which Plaintiffs discussed their various cruise operations and CBP made representations regarding those operations. Accordingly, the Court finds that the emails are properly part of the administrative record.

Plaintiffs' final argument is that Defendants improperly included in the administrative record July 2011 correspondence between the Port of Palm Beach District and CBP regarding a "cruise to nowhere" because such correspondence was not published in the Federal Register nor was it made available for public inspection. Pl.'s Obj. at 3. Plaintiffs argue that FOIA § 552(a)

allows an agency to "rel[y] on, use[], or cite[] as precedent . . . against a party" a "final order, opinion, statement of policy, interpretation, or staff manual or instruction that affects a member of the public" only if the document has been "indexed and either made available or published" or "the party has actual and timely notice of the terms thereof."  5 U.S.C. § 552(a)(2)(E). Regardless of the applicability of this FOIA provision to the letter at issue, whether or not an agency can cite a document as legal precedent is a distinct question from whether the document is properly included in the administrative record.  As there is no reason to question that the July 2011 was part of the documents CBP directly or indirectly considered, the Court finds it is properly included in the administrative record.

### III. CONCLUSION

For the foregoing reasons, the Court approves the [29] administrative record as submitted by Defendants on January 7, 2014.

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge